20062. LORD *v.* SLEDGE & NORFLEET COMPANY.

DECIDED JANUARY 14, 1930. REHEARING DENIED FEBRUARY 25, 1930.

*G. H. Williams, C. C. Crockett, William Brunson,* for plaintiff.
*M. H. Blackshear,* for defendant.

BLOODWORTH, J.    (After stating the foregoing facts.)

A motion to dismiss the writ of error was made on the ground that "H. R. Moffett, trustee," and J. P. Norfleet had intervened in the rule, and that neither of them, "nor the counsel of either of said intervenors, have been served with a copy of the bill of exceptions; nor have either of them waived or acknowledged service." The record, as it comes to us, does not show any intervention by "H. R. Moffett, trustee;" and while it does show that J. P. Norfleet intervened, it also shows that his intervention was withdrawn. Because of these facts neither of these parties is shown to be "interested in sustaining or reversing the court below," and they are not necessary parties in this court; and the motion to dismiss the bill of exceptions is overruled.

It appears from the record that Sledge & Norfleet Co. and J. H. Lord were creditors of A. W. Garrett, holding against him separate and distinct claims; that Sledge & Norfleet Co. and J. H. Lord each held a bill of sale against Garrett, each of which covered the same personal property, and that the bill of sale held by Lord was executed at a later date than the one held by Sledge & Norfleet Co., and expressly stated that it was "made subject to a bill of sale to the Middle Georgia Agricultural Corporation," which bill of sale was transferred by the Middle Georgia Agricultural Corporation to

Sledge & Norfleet Co. In a rule to distribute the proceeds of the property covered by both bills of sale, which property was sold by the sheriff, Lord claims that certain funds turned over by Garrett to J. P. Norfleet, as alleged in the foregoing statement of facts, should have been credited on the claim of Sledge & Norfleet Co. This contention is not sustained by law or evidence. No part of the funds paid by Garrett to J. P. Norfleet is shown ever to have reached the hands of Sledge & Norfleet Co. It also appears that no one filed an affidavit of illegality or contested that the full amount shown by the bill of sale as foreclosed by Sledge & Norfleet Co. was not due. This being true, the full amount for which its lien was foreclosed was due at the time the petition for the rule was filed, and the judgment of the court awarding the funds to Sledge & Norfleet Co. was correct.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*